## HAFFNER, Plaintiff-Appellee, v. SCHMEIDL, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21530. Decided December 19, 1949.

McKeehan, Merrick, Arter & Stewart, George Wm. Cottrell, Cleveland, for plaintiff-appellee.

Julius A. Negin, for defendant-appellant.

(GUERNSEY, PJ, MIDDLETON, J, of 3rd district: DOYLE, J, of 9th district sitting by designation in 8th district.)

### OPINION

By GUERNSEY, PJ.

This is an appeal upon questions of law, from an order of the Municipal Court of Cleveland, Ohio, granting a new trial and vacating and setting aside a judgment in a case pending therein, wherein John N. Haffner, the appellee, was plaintiff, and James A. Schmiedl, the appellant was defendant.

The action was one for damages to an automobile, alleged

to have been sustained by the plaintiff through a collision between an automobile owned by him and driven by one Lois N. Lykens and an automobile driven by the defendant and alleged to have been caused by the negligence of the defendant.

Upon the trial of the case in the Municipal Court of Cleveland the jury returned a verdict in favor of the defendant and judgment was thereafter duly entered upon the verdict.

The plaintiff then duly filed a motion for new trial of the cause, said motion, omitting caption and signature of counsel, being in the words and figures following, to-wit:

"Now comes the plaintiff and by his attorney moves the court for an order granting a new trial in the within cause for the reason that the judgment of the jury is not sustained by sufficient evidence or is contrary to law."

The court, following the filing of said motion, granted the same by an order reading as follows:

"Plaintiff's motion for a new trial is hereby granted and the judgment heretofore rendered in favor of defendant against plaintiff is vacated and set aside and this cause is assigned for retrial."

This is the order from which this appeal is taken.

The defendant appellant assigns error by the court in making this order.

Under the Constitution and the statutes of the State of Ohio as they existed prior to September 30, 1947, an appeal could not be taken from the granting of a motion for new trial unless the court in granting the same, abused its discretion.

On January 1, 1945, **Article IV, Section 6** of the **Constitution** was amended in part to read:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo and such jurisdiction as may be provided by law to review, affirm, modify, set aside or reverse judgments or final orders of boards, commissions, officers or tribunals and of courts of record, inferior to the court of appeals within the district * * *."

Thereafter, on September 30, 1947, §12223-2 GC, was amended to read, in part:

"What is a final order:—Grounds for new trial shall be stated, when * * * an order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed with or without retrial * * *."

By virtue of this constitutional amendment, and the amendment of §12223-2 GC, an appeal may now be taken from an order in the instant case, vacating or setting aside a judgment and ordering a new trial, irrespective of whether the court abused its discretion in the making of such an order.

Upon such an appeal the function of the reviewing court is to determine whether the trial court erred in the making of such order, and if it erred, to reverse such order; and if the trial court did not err, to affirm the order.

While a trial court may sua sponte set aside a judgment and grant a new trial upon a proper ground, it did not do so in the instant case as the record shows that the order so operating is predicated solely upon plaintiff's motion for a new trial for which two grounds for the granting of a new trial are specified, to-wit: (1) that the verdict of the jury is not sustained by sufficient evidence; (2) that it is contrary to law.

Consequently, it can not be presumed or assumed that the new trial was granted on any ground other than those specified in the motion.

While the defendant, under the provisions of §12223-2 GC, had the right to request the court to state in its order the. grounds upon which the new trial was granted and the judgment vacated or set aside, he did not avail himself of this right.

As the trial court predicated its order solely upon the motion and in it did not specify upon which ground of the motion the new trial was granted, it must affirmatively appear from the record, to warrant the reversal of the order, that the court erred in granting new trial upon either of the grounds specified in the motion.

The bill of exceptions discloses that there was competent, substantial, and apparently credible evidence to sustain the verdict of the jury and the judgment rendered thereon, and that neither the verdict nor judgment is against the manifest. weight of the evidence or contrary to law.

This being the case, the trial court erred in granting the motion for new trial and vacating and setting aside the judgment and for this error the order appealed from is reversed,

which has the effect of reinstating the judgment of the trial court.

The plaintiff appellee is ordered to pay the costs of this appeal and execution is awarded therefor, and the cause is remanded to the Municipal Court of Cleveland for execution of the judgment.

MIDDLETON, J, DOYLE, J, concur.