**GREEN, Plaintiff-Appellant, v. ACACIA MUTUAL LIFE INSURANCE COMPANY, Cross-Appellant.**

Ohio Appeals, First District, Hamilton County.

Nos. 7237, 7238. Decided May 15, 1950.

Walter K. Sibbald, Cincinnati, for appellant.
Marble & Vordenberg, Cincinnati, for cross-appellant.

## OPINION

By HILDEBRANT, J.:

In these two cases heard together in which there are cross-appeals, plaintiff recovered verdicts upon which judgments were pro forma entered for the face amount of two insurance policies, issued upon the life of one George C. Green.

Plaintiff appeals from the following identical entry made during term in each case:—

"This cause being heard on defendant's motion to set aside the verdict and judgment herein and to grant a new trial, was argued by counsel and submitted to the court; on consideration whereof the court, having been requested by plaintiff to state the grounds of the finding, finds said motion well taken on the grounds that there is newly discovered evidence material for the defendant and because the verdict and judgment are manifestly against the weight of the evidence, and that the motion should be sustained.

"It is therefore ordered that the verdict and the judgment entered herein be, and the same are hereby set aside and vacated and a new trial of the cause is granted."

Defendant's cross-appeals are from the refusal of the trial court to sustain its motions for judgment made at the close of all the evidence and for judgment non obstante veredicto.

Under the Constitution and statutes of Ohio in existence before Sept. 30, 1947, an appeal could not be taken from the granting of a motion for new trial, unless the court in granting the motion, abused its discretion.

Under the former Constitution and statutes it was judicially determined in **Hoffman, et al. v. Knollman, 135 Oh St, 170:**

"An order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final determination of the rights of the parties and is not, therefore, a judgment

or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order.

"The jurisdiction of the Court of Appeals is conferred by **Section 6, Article IV of the Constitution,** and cannot be enlarged or curtailed by legislative action.

"The amendment of §12223-2 GC, (**117 Ohio Laws, 615**), effective August 23, 1937, providing that 'vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order,' would, if given effect, enlarge the jurisdiction of the Court of Appeals, and is, therefore, in conflict with **Section 6, Article IV of the Constitution.**"

Effective January 1, 1945, **Article IV, Section 6 of the Constitution** was amended to read in part:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo and such jurisdiction as may be provided by law to review, affirm, modify, set aside or reverse judgments or final orders of boards, commissions, officers or tribunals and of courts of record, inferior to the court of appeals within the district. * * *"

Effective Sept. 9, 1947, §12223-2 GC, was amended to read:

"An order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial, as provided in this title.

"When a court makes such order granting a new trial, setting aside or vacating such judgment, the court upon the request of either party, shall state in the order the grounds upon which the new trial is granted and the judgment vacated or set aside."

**Sec. 11578 GC,** has been amended so that as to actions commenced after October 11, 1945, the effective date of such amendment, a motion for new trial is now addressed to the judgment pro forma entered by the court, when approved in writing and filed for journalization, rather than as before to the verdict of the jury or decision of the court.

Also effective October 11, 1945, the statutory definition of new trial in §11575 GC, was made to read:

"A new trial is a re-examination, in the same court, of the issues, after a final order, judgment or decree by the court."

We here consider whether or not under existing law, plaintiff may predicate his appeals on the orders granting new trials, irrespective of the manner in which the trial court exercised its discretion in granting the same.

In **Y. M. Ry. Co. v. Youngstown, 147 Oh St, 221,** it was held:

"**Section 6 of Article IV of the Constitution of Ohio,** as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.

"Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted."

It will be noted that the amended constitution limits the power of the legislature to making provisions for review of "judgments and final orders" only. We take it that the terms "judgments and final orders" as used in the 1944 Constitutional Amendment have the meaning attributed to them by valid legislative definition and judicial construction obtaining at that time. Therefore, any order of board or court lacking in the essential attributes of a judgment or final order as those terms were understood and used in the 1944 Amendment to the Constitution may not now be clothed with those attributes by mere declaration on the part of the legislature. Any order, not a judgment, interlocutory in character, or lacking in finality is still not an appealable order and there exists no constitutional grant of power in the legislature to make it so.

In **McAtee v. Western & Southern Life Ins. Co., 82 Oh Ap, 131,** at page 135, this Court said:

"The Court of Appeals, under the 1912 amendment of **Section 6, Article IV of the Ohio Constitution,** was given jurisdiction to review only 'judgments' of courts of record inferior to the Courts of Appeals. By judicial construction, this term, 'judgments,' was extended to include such 'final orders' as had the dignity of judgments at the time of the adoption of the 1912 amendment. **Chandler & Taylor Co. v. Southern Pacific Co., 104 Oh St, 188,** 135 N. E., 620; **Pilgrim Distributing Corp. v. Galsworthy, Inc., 148 Oh St, 567,** 572, 76 N. E. (2d), 382.

"By an amendment to **Section 6, Article IV of the Constitution of Ohio,** the Legislature was given full power to provide for the review of 'judgments and final orders' of courts of record inferior to the Court of Appeals. This power was not as wide as that conferred by the Constitution of 1851 upon the Circuit Courts, which provided that the Circuit Courts should have 'such appellate jurisdiction. as may be provided by law.' Even when the Legislature acts it will be limited to provisions for review of 'judgments and final orders.' And the meaning of those terms as used in the amendment will be limited as before by the scope of their definition as understood and accepted at the time of the adoption of the amendment.

"The Legislature can no more designate an order final, which is not so in fact, than could it in 'the past, or now denominate an action a chancery case which did not meet the requirements specified by judicial construction. **Borton v. Earhart, 144 Oh St, 334, 59 N. E. (2d) 37.**"

It appears that under the 1944 Constitutional Amendment, while the Legislature might modify the jurisdiction of the Courts of Appeals with reference to judgments and final orders, it still may not enlarge that jurisdiction to include orders other than those coming within the true definition of judgments and final orders.

We refer to the entire opinion of Hoffman v. Knollman, supra, as pertinent to the consideration here and quote from page 181:

"The Constitution is the supreme law; it is the expression of the will of the people, subject to amendment only by the people, and neither the Legislature by legislative enactment, nor the courts by judicial interpretation, can repeal or modify such expression or destroy the plain language and meaning of the Constitution, otherwise there would be no purpose in having a Constitution.

"Though this court has interpreted the term 'judgments' so as to include 'final orders,' it has limited its application to acts or decrees of the court which give final effect to the central purpose or some independent branch of the litigation, finality being the touchstone in the determination of that quality.

"Merely applying a name to an object or thing does not change its character. It is self-evident that the Legislature has no power to increase the scope of the jurisdiction of the Court of Appeals by enlarging the definition of 'final order,'

unless such definition or specification of the term can still be construed to be the equivalent of 'judgment.' "

The procedural change requiring entry of the judgment first and the motion being directed at that judgment is incidental only and cannot change the character of the action of the trial court in granting the motion.

The fact that in granting the motion the pro forma judgment is vacated does not change the character of the action of the trial court so as to provide a foundation for review. In **Chandler & Taylor Co. v. Southern Pacific Ry. Co., 104 Oh St, 188,** the second paragraph of the syllabus is:

"An order vacating a default judgment upon motion of the defendant, filed at the same term, but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable unless the court abuses its discretion in making it."

At page 193, it is stated:

"The motion for vacation was made at the same term at which the judgment was rendered. Was the order of vacation though made at a subsequent term a final order which is subject to review? When the defendant filed its motion to vacate, its rights were fixed at that time, although its motion was not disposed of until after the term had expired (**Niles v. Parks, 49 Oh St, 370**). During that term the court had control of its journal entries, and any order made by it vacating a judgment and granting a new trial would not be erroneous unless there was an abuse of discretion upon the part of the court. **First Natl. Bk. of Dunkirk v. Smith, 102 Oh St, 120.**"

Again, at page 195, it is stated:

"Under the principle laid down in the Continental and Dunkirk Bank cases, supra, a motion for vacation filed during the term the default judgment was rendered was held to be equivalent to a motion for a new trial, and the order of the court was not subject to error proceedings unless there was an abuse of discretion in the order vacating the judgment."

The generally accepted definition of a final order is, "An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment." An order granting a new trial has no such effect, so that it appears

the statute itself, §12223-2 GC, is inconsistent in attempting to include such an order within the definition.

2 Am. Jur., 860, defining final order states:

"A judgment, order, or decree, to be final for purposes of an appeal or error, must dispose of the cause, or a distinct branch thereof, as to all the parties, reserving no further questions or directions for future determination. It must finally dispose of the whole subject-matter or be a termination of the particular proceedings or action, leaving nothing to be done but to enforce by execution what has been determined. In other words, a final judgment is one which operates to divest some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition after the expiration of the term; that is, it must put the case out of court, and must be final in all matters within the pleadings."

The orders granting new trials fail to meet this test.

From the foregoing, we conclude that the order in each case, granting a new trial, herein appealed from, does not in effect determine the action and prevent a judgment, and is not, therefore, a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court abused its discretion in granting the same.

The amendment of §12223-2 GC, effective Sept. 30, 1947, providing that, "An order vacating or setting aside a judgment and ordering a new trial, is a final order," would, if given effect, enlarge the jurisdiction of the Court of Appeals to a review of other than judgments and final orders, to which the power of the Legislature is limited, and is, therefore, in conflict with **Section 6 of Article IV of the Constitution.**

As to the cross-appeals, an examination of the record discloses no errors, prejudicial to the defendant.

Finding no abuse of discretion on the part of the trial court in vacating and setting aside the judgments and granting the motions for new trials, the appeals stand dismissed, as not being predicated upon a final order.

Finding this judgment in conflict with the judgment of the Court of Appeals of the Eighth Appellate District of Ohio in the case of **Haffner v. Schmeidl, 56 Abs, 77,** we hereby certify the record in this case to the Supreme Court of Ohio for review and final determination.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.