Zimmerman, J.,
dissenting. In this action, commenced in March 1948 and tried in the Court of Com-' mon Pleas of Hamilton County, the jury rendered its verdict for plaintiff. A motion by defendant for judgment notwithstanding the verdict was overruled and .the trial court thereupon approved a journal entry of the judgment in conformity to the verdict, which was filed with the clerk for journalization pursuant to Section 11599, General Code.
Within ten days thereafter, defendant filed its motion for a new trial and, upon hearing, the court granted the same on the ground “that there is newly discovered evidence material for the defendant and because the verdict and judgment are manifestly against the weight of the evidence,” and “ordered that the verdict and the judgment entered herein be, and the same are hereby set aside and vacated and a new trial of the cause is granted.”
*13 Was such action of the court a final order appeal-able on questions of law to the Court of Appeals? Both the Court of Appeals and the majority of this court answer that question in the negative, but, under the existing organic and statutory law of Ohio, I cannot agree with such conclusion.
Section 6, Article IV of the Constitution of Ohio, effective January 1, 1913, provided in part as follows:
“The Courts of Appeals shall have * * * appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law.”
The interpretation of this amendment to the Constitution is contained in the first paragraph of the syllabus of Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, 111 N. E., 159, which reads as follows:
“1. Section 6, Article IV of the Constitution of Ohio as amended September 3, 1912, confers jurisdiction upon the Courts of Appeals to review, affirm, modify or reverse the judgments of the Court of Common Pleas, Superior Courts, and other courts of record within the district. The General Assembly has no power to enlarge or limit the jurisdiction conferred by the Constitution of the state, but may provide by law for the method of exercising that jurisdiction.”
In 1939, this court decided the case of Hoffman v. Knollman, 135 Ohio St., 170, 20 N. E. (2d), 221, while the above-quoted section of the Constitution was operative and amended Section 12223-2, General Code, effective August 23, 1937, was in force, which section provided that “an order vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order which may be reviewed, affirmed, modi *14 fied, or reversed.” Attention is directed to the second, third and fourth paragraphs of the syllabus in that case, which are quoted in the majority opinion and will not be repeated here, wherein it was stated that Section 12223-2, General Code, was ineffective since it attempted to enlarge the jurisdiction of the Court of Appeals contrary to Section 6, Article IV of the Constitution.
On November 7, 1944, by vote of the people, Section 6, Article IV of the Constitution, was amended, effective January 1, 1945, to provide:
‘ ‘ The Courts of Appeals shall have * * * such jurisdiction as may be provided by. law to review, affirm, modify, set aside, or reverse judgments or final orders of * * * courts of record inferior to the Court of Appeals within the district * * *.” (Emphasis mine.)
Obviously, the purpose of this amended section was to remove the “jurisdiction” of Courts of Appeals from the. confines of the Constitution and place it 'within the broad'powers of the General Assembly.
After the decision in Hoffman v. Knollman, supra, and the effective date of the amendment of Section 6, Article IV of the Constitution, the General Assembly amended Section 12223-2, effective September 30, 1947, and it presently recites in part:
“An order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial * í(i V’ (Emphasis mine.)
. Other amended sections of the General Code passed subsequent to the decision in the Hoffman case and after the operative date of the amendment of Section 6, Article IV of the Constitution, provide, in substance, that following the verdict of a jury and the overruling of a motion for judgment notwithstanding the verdict, timely filed, the trial court shall cause judgment to be entered on the verdict, and that *15 within ten days thereafter the losing party may file his motion for a new trial. See Sections 11599,' 11599-1 and 11578, General Code.
It seems to me that the General Assembly, proceeding under constitutional authorization and in the proper exercise of its prerogatives, has now enacted legislation which renders the Hoffman case inapplicable and obsolete as to actions commenced after September 30, 1947.
Now, where a litigant, after a favorable verdict, is awarded a judgment conforming to the verdict, he has gained his ultimate objective. That judgment stands as the final judgment in the case, just like any other final judgment, unless or until it is set aside by affirmative court action. When such judgment is set aside and vacated, the litigant who secured it loses a court pronouncement of substance and value. I cannot agree that the judgment entered on the verdict is merely a pro forma matter and of no real significance. Certainly, such was not the intention of the General Assembly.
It is, therefore, my opinion that, when a litigant obtains a favorable judgment in the Court of Common Pleas pursuant to a verdict of a jury and is then deprived of it, a final order results which may be taken for review to the Court of Appeals having jurisdiction.
The Courts of Appeals of the Eighth, Third and Second Appellate Districts have come to the same conclusion as evidenced by the cases of Haffner v. Schmeidl, 87 Ohio App., 143, 90 N. E. (2d), 700, Dyer v. Hastings, a Minor, 87 Ohio App., 147, 94 N. E. (2d), 213, and State, ex rel. Simons, v. Kiser, 88 Ohio App., 181, 96 N. E. (2d), 306.
Such concept corresponds with the holdings of this court in the cases of Makranczy v. Gelfand, Admr., 109 Ohio St., 325, 142 N. E., 688, and Durbin v. Hum *16 phrey Co., 133 Ohio St., 367, 14 N. E. (2d), 5, and other cases therein cited, which are authority for the proposition that the setting aside and vacating of a judgment is a final order from which an appeal will lie. At the beginning of the opinion in the Durbin case it is stated:
“The sustaining of appellee’s motion for a new trial, after setting aside a judgment rendered in favor of appellant upon its motion for a directed verdict, took away appellant’s right to have final judgment entered in its favor, and is a final order from which appeal may be prosecuted. ’ ’
Consequently, I would reverse the judgment of the Court of Appeals herein and remand the cause to that court with instructions to pass upon the question of whether the trial court properly set aside and vacated the judgment for plaintiff and granted defendant’s motion for a new trial.