DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Sandra Wenger, appeals from a decision of the trial court following a reversal and remand by this Court of the marital property division in the Wengers' divorce decree. Clair Wenger cross-appeals from that same order. Because the order appealed is not final and appealable, the appeal and cross-appeal are dismissed for lack of jurisdiction.
 {¶ 2} This case began on May 29, 2001, when Mrs. Wenger filed a complaint for divorce from Mr. Wenger. On July 26, 2002, the trial court granted the parties a divorce and divided their marital property. On appeal and cross-appeal to this Court, the decision was reversed in part and remanded to the trial court due to errors in the trial court's division of marital property. SeeWenger v. Wenger, 9th Dist. No. 02CA0065, 2003-Ohio-5790, at ¶ 37.
 {¶ 3} The parties disputed several aspects of the property division on remand, including whether the trial court should equalize the division of marital property by ordering Mr. Wenger to pay an additional $200,000 to Mrs. Wenger. The remanded issues were tried to a magistrate who issued a recommended decision.
 {¶ 4} On March 2, 2005, the trial court adopted the magistrate's decision and ordered, in relevant part:
"In order to more equalize the division of property between the plaintiff and defendant, the defendant will have three options available to him: (1) The defendant shall redouble his efforts to generate $200,000 through a loan from the Farm Credit Services or some other financial institution. (2) If he is not able to do so, he shall pay the plaintiff on a monthly installment basis over the next ten years at 7.25% interest per annum. The defendant's obligation under option (2) shall be secured by a mortgage. (3) If he cannot do either of the above without liquidating some or all of the farm assets, he shall sell assets that gross $200,000 in the sale. The amount paid to the plaintiff shall be reduced by one-half of the cost of the necessary sale minus one-half of the tax consequences of the sale including capital gains tax and state and local taxes. The defendant will have 90 days to make the loan arrangements or complete the sale and pay the plaintiff the amount owed."
 {¶ 5} The trial court also added two footnotes to this passage to explain why it selected an interest rate of 7.25% and to explain that the defendant "may also wish to combine two or more of [the three enumerated] options." The court then gave some examples of how the defendant might want to combine the payment "options."
 {¶ 6} Both parties filed timely objections to the magistrate's decision, which were overruled by the trial court. There are no further trial court orders in the record to explain the payment terms in any more detail than the passage quoted above. Mrs. Wenger appeals and Mr. Wenger cross-appeals, each raising several assignments of error.
 {¶ 7} Before this Court can reach the merits of the assignments and cross-assignments of error, it must determine whether the order appealed is final and appealable. Section3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. To be final, an order also must fit into one of the categories set forth in R.C. 2505.02(B). See General ElectricSupply Co. v. Warden Electric, Inc. (1988), 38 Ohio St.3d 378,380.
 {¶ 8} R.C. 2505.02(B)(1) requires that an order affect a substantial right and determine the action or prevent a judgment. As this Court has frequently emphasized, the primary function of a final order or judgment is the termination of the case before the court. See, e.g., Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 215. "This court must look to the language employed in the purported judgment entry to ascertain whether the trial court's entry accomplishes that result." Id. To terminate a claim between the parties, the order must contain a statement of relief to which the parties are entitled that is sufficiently complete so that the parties can enforce their rights and obligations through an execution on that judgment. Id. at 219.
 {¶ 9} A final statement of relief "reserve[es] no further questions or directions for future determination" and leaves "nothing to be done but to enforce by execution what has been determined." Green v. Acacia Mut. Life Ins. Co. (1950),88 Ohio App. 67, 74. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." Bell v. Horton (2001), 142 Ohio App.3d 694,696. "However, when the remaining issue `is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains,' then the order is final and appealable." State v. Threatt, 108 Ohio St.3d 277,2006-Ohio-905, at ¶ 20, quoting State ex rel. White v. CuyahogaMetro. Hous. Auth. (1997), 79 Ohio St.3d 543, 546.
 {¶ 10} As this Court explained in Bankers Trust Co. v.Orchard (March 8, 2000), 9th Dist. No. 19528:
"Although there are no specific language requirements, the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.
"Finally, a judgment should include everything necessary to a complete understanding of its effect." Id., at 3, quoting Walkerv. Walker (Aug. 5, 1987), 9th Dist. No. 12978, at 4.
 {¶ 11} "When a judgment includes a monetary award, it should articulate the amount of the award, or at the very least it should articulate a definite formula for calculating the amount." Id.
 {¶ 12} The purported judgment at issue here, the trial court's March 2, 2005 order, did not fix the parties' rights and obligations pertaining to the $200,000 adjustment to the property division. Mr. Wenger was not specifically ordered to do anything, but was given three payment "options." There is nothing in the order to indicate which "option" will be the order of the court, nor does the order explain how or when those terms would be clarified. A footnote in the order even indicates that Mr. Wenger may wish to choose a combination of the payment options. There are no further orders in the record to clarify or "fix" these payment terms.
 {¶ 13} Moreover, there are aspects of the individual payment options that are left undecided by the trial court's order. For example, the second option indicates that payment will be made in monthly installments and that payment will be secured by a mortgage; yet it fails to indicate the specific amount of the monthly payments or the property that will be encumbered by the mortgage. The third option provides for a sale of Mr. Wenger's farm assets but leaves uncertain the amount that would be deducted for the "cost of the necessary sale" and the tax consequences. The uncertainties in these payment options are not akin to a ministerial computation such as court costs but are matters that would likely result in additional litigation between the parties.
 {¶ 14} The parties will certainly be disappointed that this Court has sua sponte raised the issue of its jurisdiction and has not reached the merits of a dispute that has been pending for years. Even if this Court believed that it had jurisdiction to review such an uncertain order, however, it would be impossible to reach the merits of many of the arguments raised on appeal. For example, each party challenges aspects of the second payment option, apparently presuming that monthly payments will be the option chosen by Mr. Wenger. They fail to recognize, however, that neither of them can demonstrate resulting prejudice because Mr. Wenger has not been ordered to choose the second payment option.
 {¶ 15} As the parties' rights and obligations obviously have not been fixed by the trial court's March 2 order, and there is nothing in the record to indicate that the terms were later fixed by the trial court, this Court lacks jurisdiction to address the merits of this appeal. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Carr, J. Moore, J. concur.