DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Jennifer Wohleber, appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court dismisses for lack of a final, appealable order.
 I. {¶ 2} R.C. 2505.02(B)(1) states that an order is a final order which may be reviewed on appeal when that order "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Upon review of the record in this appeal, it does not appear that the trial court entered such an order. *Page 2 
If the decision is not final and appealable, this Court does not have jurisdiction to hear the appeal.
 {¶ 3} In Harkai v. Scherba Industries, Inc. (2000),136 Ohio App.3d 211, 215, this Court explained that "the primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." Further, "[t]his court must look to the language employed in the purported judgment entry to ascertain whether the trial court's entry accomplishes that result." Id. Before the claim between the parties can be said to be terminated, "the order must contain a statement of relief to which the parties are entitled that is sufficiently complete so that the parties can enforce their rights and obligations through an execution on that judgment." Wenger v. Wenger, 9th Dist. No. 05CA0057, 2006-Ohio-3330, at ¶ 8, citing Harkai, 136 Ohio App.3d at 219.
 {¶ 4} This Court has held:
 "A final statement of relief `reserve[s] no further questions or directions for future determination' and leaves `nothing to be done but to enforce by execution what has been determined.' Green v. Acacia Mut. Life Ins. Co. (1950), 88 Ohio App. 67, 74. `A judgment that leaves issues unresolved * * * is not a final appealable order.' Bell v. Horton (2001), 142 Ohio App.3d 694, 696.
 "* * *
 "As this Court explained in Bankers Trust Co. v. Orchard (March 8, 2000), 9th Dist. No. 19528: `Although there are no specific language requirements, the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the *Page 3 
parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court. `Finally, a judgment should include everything necessary to a complete understanding of its effect.'" Wenger at ¶¶ 9-10.
 {¶ 5} R.C. 3105.171(B) states, in relevant part:
 "In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest."
 {¶ 6} In this case, there is no dispute that appellant wife and appellee husband, Lawrence Wohleber, maintained a joint checking account into which both deposited their paychecks and paid their expenses. They also maintained a T-bill account which was originally in appellee's name, but which became a joint account after the parties married. The T-bill account was substantially funded with appellee's separate property, although the parties jointly contributed loan proceeds in the approximate amount of $55,000.00 to the T-bill account. The parties disputed the status of the monies remaining in the T-bill account at the time of separation. With the exception of funds transferred from the T-bill account into the joint checking account and spent on specific traceable items, the parties did not dispute that the joint checking account consisted of marital property.[1] *Page 4 
 {¶ 7} Appellant withdrew $15,000.00 from the T-bill account upon separation. The trial court issued an order, directing appellant to repay that amount to appellee upon a finding that those monies constituted appellee's separate property. Appellee made three withdrawals from the parties' joint checking account totaling $14,857.43 after the parties had separated. Appellee testified that he transferred those funds into a separate checking account.
 {¶ 8} Notwithstanding the detailed findings and orders set out in the 23-page judgment entry of divorce, the trial court failed to address the status of or account for the monies in the parties' joint checking account which was closed after appellee withdrew the above-referenced sum while the parties were still married. Specifically, the trial court failed to determine whether the monies in the parties' joint checking account constituted marital or separate property, although it made such a determination in regard to the parties' joint T-bill account. The trial court further failed to determine the amount of money in the joint checking account at the time of the parties' separation which may or may not have been subject to equitable division, although it made such a determination in regard to the parties' joint T-bill account. While the trial court made the relevant determinations in regard to the joint T-bill account, it failed to do so in regard to the parties' joint checking account.
 {¶ 9} The trial court's judgment entry purported to address all issues relevant to the parties' divorce. Specifically, the judgment entry purported to *Page 5 
account for and divide all marital and separate assets. The trial court, however, failed to account for the monies in the parties' joint checking account, which appellee withdrew and deposited in his own separate account after the parties had separated. Accordingly, the trial court has not fully addressed and accounted for all property as required by R.C. 3105.171(B)
 {¶ 10} Because the judgment entry disposes of fewer than all the issues in the parties' divorce, this Court does not have jurisdiction to hear the appeal. Accordingly, this Court dismisses the appeal for lack of a final, appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
SLABY, P. J. WHITMORE, J. CONCUR.
[1] At times, funds from the T-bill account were transferred into the joint checking account, but those funds were traced to the purchase of certain items which the trial court determined to be appellee's separate property. *Page 1