[Cite as *Wohleber v. Wohleber*, 2012-Ohio-4096.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

LAWRENCE WOHLEBER, JR.

    Appellant

    v.

JENNIFER WOHLEBER

    Appellee

C.A. No.     11CA010007


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    04DU063421

DECISION AND JOURNAL ENTRY

Dated: September 10, 2012

---

CARR, Judge.

{¶1}    Appellant Lawrence Wohleber appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.

I.

{¶2}    Lawrence Wohleber ("Husband") filed for divorce from Jennifer Wohleber ("Wife") in 2004. The trial court purported to issue a final decree of divorce in 2006. Wife appealed and this Court dismissed her appeal for lack of a final, appealable order because the trial court had failed to divide all marital property, specifically monies in the parties' joint checking account. *Wohleber v. Wohleber*, 9th Dist. No. 06CA009018, 2007-Ohio-3964. The trial court subsequently issued a judgment entry on April 17, 2008, finding that $15,154.62 in the joint checking account was marital property and that Wife was entitled to one half of those funds. The trial court, however, ordered that the sum of $7,428.72 represented Wife's share of the joint checking account. The trial court did not explain why it awarded Wife a sum that was

$148.59 less than half of the amount designated as marital property. Both Husband and Wife appealed from the then-final divorce decree. Wife did not challenge the sum certain ordered by the trial court as her share of the joint checking account monies.

{¶3} In the second appeal, this Court overruled Husband's sole assignment of error and two of Wife's four assignments of error. *Wohleber v. Wohleber*, 9th Dist. Nos. 08CA009402, 08CA009403, 2009-Ohio-995. We sustained Wife's assignment of error challenging the characterization of the parties' T-bill account as Husband's separate property; concluded that the account was marital property from June 4, 2002, until its closure on March 22, 2004, because Husband had failed to trace his separate property within that time period; and remanded the matter to the trial court for a determination of what funds the parties owed to one another as a result of the account's reclassification. *Id.* at ¶ 13. We further sustained in part Wife's assignment of error challenging the trial court's classification of her entire 850 stock options as marital property. This Court concluded that only 350 of Wife's stock options were marital property and that Husband was entitled to one half of the value of the those stock options resulting in an award to Husband of $1,188.25. *Id.* at ¶ 33.

{¶4} On remand, the trial court ordered the parties to brief the issues they believed were relevant to the court's consideration based on this Court's conclusions and directives. Both Husband and Wife filed their respective briefs, followed by responsive briefs. Because of intervening issues regarding the parties' child, the trial court did not immediately address the issues on remand. More than a year later, the trial court again ordered the parties to file briefs on the issues relevant to the remand. Husband and Wife again filed their respective briefs. In addition, during the period of time when the remand issues were pending, Husband filed multiple

motions requesting modification and/or clarification of the divorce decree as to the parties' obligations regarding some rental property known as the Elyria apartments.

{¶5} On May 3, 2011, the trial court issued a judgment in which it recalculated the value of the marital estate based on this Court's conclusions that the T-bill was marital, rather than Husband's separate, property during the period of June 4, 2002, to March 22, 2004, and that only 350 of Wife's stock options were marital property. The trial court determined that Husband owed Wife $43,105.41 as a result of the recalculation. In addition, because Husband made the $10,000 down payment on the Elyria apartments from money in the T-bill account at a time when such money was marital property, the trial court ordered that Husband would not be entitled to recoup that money first from the proceeds of any future sale of the property but, rather, that all sale proceeds would be divided equally between the parties. Husband appealed, raising three assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT FAILED TO FOLLOW THE SPECIFIC REMAND INSTRUCTIONS OF THE APPELLATE COURT, RESULTING IN AN INEQUITABLE DIVISION OF PROPERTY.

{¶6} Husband argues that the trial court failed to address the appropriate issues on remand as directed by this Court in *Wohleber*, 2009-Ohio-995. Specifically, Husband argues that the trial court was required to determine which monies in the T-bill account were marital property and which monies where Husband's separate property. Husband then argues in support of a determination that the monies in the T-bill account were his separate property. Because Husband misunderstands this Court's conclusion and directive in regard to the T-bill account, his arguments are not well taken.

**{¶7}** This Court clearly and unambiguously concluded that, because Husband failed to trace his separate property in the T-bill account from June 4, 2002, until the account's closure on March 22, 2004, all funds in the account during that time constituted marital property. 2009-Ohio-995, at ¶ 13. "The law of the case doctrine 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Neiswinter v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. No. 23648, 2008-Ohio-37, ¶ 10, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). Ultimately, "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405 (1996). Husband argues that the funds in the T-bill account were his separate property. This Court has already conclusively determined that issue. Accordingly, his arguments both below and on appeal are barred by the law of the case doctrine. Husband's first assignment of error is overruled.

<u>**ASSIGNMENT OF ERROR II**</u>

THE TRIAL COURT MADE A MATHEMATICAL ERROR RESULTING IN A WINDFALL TO [WIFE].

**{¶8}** Husband argues that the trial court made a mathematical error in calculating the amount that Husband owes Wife in consideration of this Court's conclusions that the funds in the parties' T-bill account and only 350 of Wife's stock options constituted marital property. This Court agrees.

**{¶9}** In calculating the value of the marital estate, the parties do not dispute the inclusion of the following assets and their respective values:

Equity in Wellington real estate                          $55,000.00

| | |
|---|---|
| Husband's retirement assets | $27,087.00 |
| Wife's retirement assets | $35,748.00 |
| Husband's vehicle | $ 9,205.00 |
| Wife's vehicle | $   650.00 |
| | $127,690.00 |

{¶10}  Moreover, there is no dispute that the parties' joint checking account constituted marital property and that the account contained $15,154.62.  The value of the marital estate then becomes $142,844.62.  However, when calculating Wife's share of the joint checking account, the trial court ordered that Wife was entitled to $7,428.72, an amount $148.59 less than an equal one-half share of the funds.  Wife never challenged the trial court's determination that she was entitled to only $7,428.72 instead of $7,577.31, which would be one half of the joint checking account funds.  Accordingly, while it is appropriate to include $15,154.62 in the total marital estate, Wife's share ultimately must be reduced by the $148.59 that the trial court declined to award to her.

{¶11}  The trial court then properly included the value of the following assets that were derived from the T-bill account during the period of June 4, 2002, until March 22, 2004, in the marital estate:

| | |
|---|---|
| SeaDoo boat | $13,000.00 |
| Tractor | $4,167.48 |
| Husband's withdrawal from T-bill account | $12,376.23 |
| Wife's withdrawal from T-bill account | $15,000.00 |
| | $44,543.71 |

These additions brought the value of the marital estate to $187,388.33.

{¶12} Finally, the trial court properly added the $2,376.50 marital value of Wife's 350 stock options, as previously determined by this Court. 2009-Ohio-995, at ¶ 33. Accordingly, the total value of the marital estate was $189,764.83. The trial court's finding that the marital estate's value was $185,769.83 constituted a mathematical error. Based on the correct value of the marital estate, each party would be entitled to $94,882.42. Wife's share, however, would be reduced by $148.59 as discussed above. Therefore, Wife's share of the marital estate is $94,733.83, while Husband's share is $95,031.00.

{¶13} The trial court next noted and calculated the value of the assets that Husband had been awarded out of the divorce decree:

| | |
|---|---|
| Equity in Wellington real estate | $55,000.00 |
| Husband's retirement assets | $27,087.00 |
| Husband's vehicle | $9,205.00 |
| SeaDoo boat | $13,000.00 |
| Tractor | $ 4,167.48 |
| Joint checking account funds | $15,154.62 |
| T-bill withdrawal funds | $12,376.23 |
| | $135,990.33 |

Husband does not dispute the values of these assets. Moreover, in the absence of a transcript of the divorce hearing, this Court must presume regularity as to these amounts. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶14} The trial court declined to include in Husband's award the $15,000 that Wife withdrew from the T-bill account in these calculations. Instead, it ordered that the sum Husband owed Wife to attain an equitable division of property would merely be set off by $15,000.00.

Because Husband did not receive those monies as part of his award but rather as a set off against any sum he owed Wife, we too decline to consider them as part of the above award calculation.

{¶15} The subtraction of Husband's entitlement from his award ($135,990.33 - $95,031.00) results in an overage of $40,959.33 to Husband and owing to Wife. However, both parties agree that Husband has already paid Wife $4,500.00. Therefore, after deducting that payment, Husband owes Wife $36,459.33. The trial court failed to take into consideration this partial payment by Husband to Wife. Because the trial court miscalculated the sum that Husband owes Wife to effect an equitable division of property, Husband's second assignment of error is sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION AND ISSUED AN ORDER
THAT IS BEYOND THE SCOPE OF THE REMAND OF THIS COURT.

{¶16} Husband argues that the trial court exceeded the scope of this Court's directives on remand when it further addressed in its judgment entry the disposition of the $10,000.00 down payment made on the parties' Elyria apartments property. This Court disagrees.

{¶17} The trial court initially ordered that Husband would first recoup the $10,000.00 down payment after sale of the property based on its finding that the T-bill account was Husband's separate property. The parties would then split any additional proceeds from the sale equally. On appeal, this Court concluded that the T-bill account was marital property during the period of June 4, 2002, until March 22, 2004. There is no dispute that the $10,000.00 down payment was made from T-bill funds during the period of time in which this Court concluded that such funds constituted marital property. On remand, the trial court ordered that the parties would equally split all proceeds from the sale of the Elyria apartments without distinguishing the $10,000.00 down payment because it was made with marital property funds rather than

Husband's separate property. Accordingly, the trial court properly addressed the issue of the disposition of the amount of the down payment based on this Court's directive that it "determine what funds, if any, the parties owe to one another as a result of the T-Bill account being classified as marital property from June 4, 2002, until its closing on March 22, 2004." *Wohleber*, 2009-Ohio-995 at ¶ 13. Moreover, Husband twice moved the trial court for clarification regarding the parties' obligations regarding this property. Accordingly, he cannot now be heard to complain that the trial court clarified the division of proceeds from the future sale of the property.

{¶18} Husband next argues that the trial court erred by not determining whether the $10,000.00 down payment made from the T-bill account was marital or separate property. As this Court has already concluded that the T-bill account was marital property during the period of time in which the down payment was made, Husband's argument is barred by the law of the case doctrine. *Nolan*, 11 Ohio St.3d at 3. Husband's third assignment of error is overruled.

III.

{¶19} Husband's first and third assignments of error are overruled. His second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT


WHITMORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

KENNETH J. LEWIS, Attorney at Law, for Appellant.

LESLIE A. GENTILE, Attorney at Law, for Appellee.