[Cite as *Blount v. Smith*, 2012-Ohio-595.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96991

---

## WILLIE BLOUNT

### PLAINTIFF-APPELLANT

vs.

## WILLIAM H. SMITH, ESQ.

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-738533

**BEFORE:** Kilbane, J., Rocco, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**APPELLANT**

Willie Blount, Pro se
911 Aintree Park Drive #102
Mayfield Village, Ohio 44143

**ATTORNEYS FOR APPELLEE**

Julie L. Juergens
Shane A. Lawson
Monica A. Sansalone
Gallagher Sharp
6th Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Willie Blount ("Blount"), appeals the trial court's judgment denying his "motion to set aside; vacate dismissal order with prejudice and reinstate case per [Civ.R.] 60(B)(4), 60(B)(6)." Finding no merit to the appeal, we affirm.

{¶2} This appeal arises from a legal malpractice complaint Blount filed against defendant-appellee, William Smith (Smith), in October 2010. In his complaint, Blount alleges that Smith provided legal services for him in connection with his divorce. He claims that Smith committed legal malpractice by failing to ensure that the final divorce

decree included language granting the domestic relations court continuing jurisdiction to modify his spousal support payments and by not representing Blount's best interest. In February 2011, Smith moved for summary judgment, arguing that Blount filed his complaint outside the applicable statute of limitations found in R.C. 2305.11. Blount responded by filing a "motion for cross summary judgment." On April 27, 2011, the trial court stated that Blount's motion "is, in substance, only a brief in opposition to [Smith's] motion for summary judgment. To the extent it can be considered a motion for summary judgment, it is denied." In that same order, the trial court granted Smith's motion for summary judgment.

{¶3} Then on May 18, 2011, Blount filed a "motion to set aside; vacate dismissal order with prejudice and reinstate case per [Civ.R.] 60(B)(4), 60(B)(6)." Blount argued that: (1) pro se petitions cannot be dismissed without the opportunity for the pro se litigant to correct the petition; (2) he received no instruction from the trial court; and (3) Smith filed for summary judgment before discovery was complete. Smith opposed, and the trial court denied Blount's motion on June 3, 2011.

{¶4} It is from this order that Blount appeals, raising the following five assignments of error for review.

## ASSIGNMENT OF ERROR ONE

Trial court erred when it failed to do due diligence to make sure my rights guaranteed for the pro se litigant by the United States Constitution, Supreme Court cases and Judicial Notice requests were not violated.

## ASSIGNMENT OF ERROR TWO

Trial court erred when it granted summary judgment to defendant in violation of [Civ.R. 56(C), Civ.R 56(F)], and journal entry instructional rules.

## ASSIGNMENT OF ERROR THREE

Trial court erred by denying appellant due process of law as guaranteed by the First, Fifth, and Fourteenth Amendments of the United States Constitution and Article I, Section Eleven and Sixteen of the Ohio Constitution.

## ASSIGNMENT OF ERROR FOUR

Trial court erred when it failed to consider pro se standard of review granted [to] pro se litigants by the Supreme Court of the United States.

## ASSIGNMENT OF ERROR FIVE

Trial court erred by denying my [Civ.R. 60(B)(4) motion and Civ.R. 60(B)(6) motion] for relief stating that Ohio does not recognize [Civ.R. 60(B)(6)] motions when it does for extraordinary legal situations.

{¶5} Within these assigned errors, Blount essentially argues that the trial court violated his due process rights by: (1) failing to instruct Blount, as a pro se litigant, on "how to repair pleadings which may have been deficient"; (2) failing to allow him to present evidence to support his claims; (3) granting summary judgment when there had been no discovery; and (4) granting summary judgment based on an error in the caption of his opposition brief.

**{¶6}** We note that the trial court is vested with discretion in determining whether to grant a motion for relief from judgment under Civ.R. 60(B), and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564, (1988). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**{¶7}** Civ.R. 60(B) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶8}** To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶9} A Civ.R. 60(B) motion for relief from judgment, however, may not be used as a substitute for a timely appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. Thus, when a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal. *Buoscio v. Kinkopf*, 8th Dist. No. 76842 (Aug. 17, 2000); *Wozniak v. Tonidandel*, 121 Ohio App.3d 221, 228, 699 N.E.2d 555 (8th Dist. 1997).

{¶10} In the instant case, Blount's appeal and Civ.R. 60(B) motion he filed with the trial court contest the trial court's order dated April 27, 2011, which granted Smith's motion for summary judgment. Blount did not timely appeal that order, rather he filed a Civ.R. 60(B) motion to vacate judgment. In that motion, Blount failed to allege or demonstrate any circumstances arising under Civ.R. 60(B)(1)-(5) to support relief from judgment. Thus, Blount's motion was improperly filed as a substitute for an appeal and the trial court correctly denied it. *See Buoscio* at 2 (where the plaintiff filed a complaint against defendant for legal malpractice. The trial court awarded defendant summary judgment and plaintiff then filed a motion for relief from judgment, arguing errors by the trial court with respect to defendant's motion for summary judgment. The trial court denied plaintiff's Civ.R. 60(B) motion and plaintiff appealed. We found that the trial court correctly denied plaintiff's Civ.R. 60(B) motion because plaintiff's motion was improperly filed as a substitute for an appeal.)

{¶11} Accordingly, Blount's assignments of error are overruled.

**{¶12}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR