[Cite as *BankUnited v. Klug*, 2016-Ohio-5769.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BANK UNITED, ASSIGNEE OF THE
FDIC

      Appellee

      v.

CAREY KLUG, et al.

      Appellants

C.A. No.     16CA010923


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    09CV162884

DECISION AND JOURNAL ENTRY

Dated: September 12, 2016


SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Charleen Chips, appeals the judgment of the Lorain County Court of Common Pleas finding that the mortgage of Plaintiff-Appellee, BankUnited F.S.B., as assignee of the FDIC ("BankUnited"), had priority over her dower interest. This Court dismisses the appeal for lack of jurisdiction.

I.

**{¶2}** This is the second appeal taken involving this foreclosure action. In the previous appeal, *BankUnited v. Klug*, 9th Dist. Lorain No. 11CA010068, 2013-Ohio-1599, this Court set forth the basic underlying factual and procedural history as follows:

> On January 10, 2005, while unmarried, Carey Klug obtained a $1,000,000 loan from BankUnited, for which he executed a promissory note payable to BankUnited. He secured the note with a mortgage on a property that he owned in Avon Lake, Ohio ("the property"). On September 17, 2005, Mr. Klug married Charleen Chips. On June 23, 2006, while married to Ms. Chips, Mr. Klug refinanced his loan with BankUnited. As part of the refinancing, Mr. Klug executed a note in the amount of $1,050,000 payable to BankUnited, and he

secured the note with a new mortgage on the property. The 2006 mortgage states that Mr. Klug was "an unmarried man[.]" Ms. Chips did not sign, and was not referenced on, any of the above documents.

In 2009, BankUnited commenced a foreclosure action against Mr. Klug, his "[u]nknown [s]pouse," and the Lorain County Treasurer to foreclose on the 2006 mortgage, to marshal the liens on the property, and to obtain a monetary judgment on the 2006 note. Ms. Chips answered the complaint, setting forth that she had a dower interest in the subject property, which she contended was superior to BankUnited's interest. BankUnited then filed an amended complaint, in which it asserted that its interest in the property was superior to the dower interest claimed by Ms. Chips due to the doctrines of equitable mortgage and equitable subrogation. Ms. Chips answered the amended complaint, denying that BankUnited's interest in the property was superior to her dower interest. Thereafter, BankUnited and Ms. Chips each filed motions for summary judgment. In their motions, each party claimed that there was an absence of material fact as to the priority of their respective interests.

*Id*. at ¶ 2-3. The trial court ultimately denied BankUnited's motion for summary judgment in regard to its claims for equitable mortgage and equitable subrogation against Ms. Chips. *Id*. at 4. However, the trial court granted Ms. Chips' summary judgment motion against BankUnited on its equitable claims and determined that she had a "one-third dower interest" in the property that was superior to BankUnited's interest in the property. *Id*.

{¶3} On appeal, this Court affirmed the trial court's denial of BankUnited's motion for summary judgment on its equitable claims, but reversed the trial court's granting of summary judgment to Ms. Chips on its claims for equitable mortgage and equitable subrogation. *Id*. at ¶ 21, ¶ 29. In expressing no opinion as to whether BankUnited would ultimately be able to establish the applicability of these equitable doctrines, this Court remanded the matter "for further proceedings on the applicability of BankUnited's claims of equitable mortgage and equitable subrogation, and, if such claims apply, the effect of the claims on Ms. Chips' dower interest." *Id*. at ¶ 31.

{¶4} On remand, the magistrate held a hearing on the applicability of the doctrines of equitable mortgage and/or equitable subrogation. On March 5, 2014, the magistrate issued a

decision finding that the doctrines of equitable mortgage and equitable subrogation both applied in this case and that BankUnited's mortgage had priority over Ms. Chips' dower interest. Ms. Chips filed objections to the magistrate's decision. The trial court ultimately overruled Ms. Chips' objections and adopted the magistrate's decision. The trial court subsequently filed its final foreclosure entry, which Ms. Chips appealed to this Court. However, this Court dismissed Ms. Chips' attempted appeal for lack of a final appealable order because the trial court's judgment entry failed to resolve all of the issues in the foreclosure actions, namely that the entry failed to determine Ms. Chips' dower interest in the property. *See BankUnited v. Klug, et al.*, 9th Dist. Lorain No. 14CA010645 (Oct. 14, 2014).

{¶5} On remand, the magistrate held a hearing on the calculation of Ms. Chips' dower interest in the property and ultimately determined that Ms. Chips was entitled to a dower interest equal to the present value factor of 3.70866% multiplied by the surplus of foreclosure sale proceeds remaining after all liens are paid. Ms. Chips again filed objections to the magistrate's decision. On January 6, 2016, the trial court overruled Ms. Chips' objections and adopted the magistrate's decision. The trial court also granted judgment for foreclosure. On January 22, 2016, the trial court issued an amended judgment entry and foreclosure decree in order to correct minor typographical errors.

{¶6} Ms. Chips filed this appeal and raises three assignments of error for this Court's review. However, we cannot address the merits of Ms. Chips' assignments of error because we lack jurisdiction over this appeal.

### Assignment of Error I

**The trial court abused its discretion when it found that equitable subrogation and equitable mortgage applied to Appellant's case.**

**Assignment of Error II**

**The trial court abused its discretion by finding that equitable subrogation and/or equitable mortgage applied when Appellee BankUnited's witness lacked personal knowledge under Evid.R. 602 to testify.**

**Assignment of Error III**

**The trial court abused its discretion by finding that Appellant Charleen Chips' dower did not have priority over Appellee's mortgage and should be calculated from the surplus of foreclosure sale proceeds after costs.**

**{¶7}** This Court initially questions its jurisdiction to hear this appeal. When jurisdiction appears uncertain, a court of appeals must raise issues of jurisdiction sua sponte. *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501 (4th Dist.1992), citing *In re Murray*, 52 Ohio St.3d 155, 159, fn. 2 (1990).

**{¶8}** Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03(A) restrict the appellate jurisdiction of courts of appeal to the review of final orders. *Flynn v. Fairview Village Retirement Community, Ltd.*, 132 Ohio St.3d 199, 2012–Ohio–2582, ¶ 5. In the absence of a final order, an appellate court has no jurisdiction. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007–Ohio–607, ¶ 14. An order is final only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014–Ohio–1984, ¶ 10. Pursuant to R.C. 2505.02(B), an order is a final order when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy * * *;

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am.Sub.S.B. 281 of the 124th general assembly * * *;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶9} For an order to be final under R.C. 2505.02(B)(1), the order "'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989). In a foreclosure action, a judgment entry is final and appealable under R.C. 2505.02(B)(1) "if it resolves all remaining issues involved in the foreclosure. This includes the questions of outstanding liens, including what other liens must be marshaled before distribution is ordered, the priority of any such liens, and the amounts that are due the various claimants." *Mtge. Electronic Registration Systems, Inc. v. Green Tree Servicing, LLC*, 9th Dist. Summit No. 23723, 2007-Ohio-6295, ¶ 9; *see also Roznowski* at ¶ 19.

{¶10} Here, the trial court's initial judgment entry and the amended judgment entry both set forth a formula for the determination of Ms. Chips' dower interest in the property, but stated that a final determination will be made after the sale of the property. This Court has held that a "judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *Bell v. Horton*, 142 Ohio App.3d 694, 696 (2001). "However, when the remaining issue 'is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains,' then the order is final and appealable. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶ 20, quoting *State ex rel. White v. Cuyahoga*

*Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997); *Wenger v. Wenger*, 9th Dist. Wayne No. 05CA0057, 2006-Ohio-3330, ¶ 9; *see also Bankers Trust Co. v. Orchard*, 9th Dist. Summit No. CA 19528, 2000 WL 254899, *2 (Mar. 8, 2000) (holding that the award was "not definite, nor [was] a definite formula for calculating that award contained within the judgment. A court attempting to enforce the judgment would be required to look beyond the document that purportedly articulated the final determination of the rights and responsibilities of each party.").

{¶11} The trial courts' initial judgment entry sets forth the rights of all lienholders, the responsibilities of the mortgagor, the priority of all liens, and the amounts due all lienholders, including a definite formula calculating Ms. Chips' dower interest. Although the judgment entry does not specify Ms. Chips' dower interest in terms of a fixed dollar amount, we determine that the definite formula contained in the entry is sufficient to constitute a final appealable order under R.C. 2505.02(B)(1). *See Roznowski* at ¶ 25 ("Liability is fully and finally established [in a foreclosure action] when the court issues the foreclosure decree and all that remains is mathematics, with the court plugging in final amounts due after the property has been sold at a sheriff's sale.").

{¶12} Having determined that the trial court's January 6, 2016 judgment entry was a final appealable order, we turn now to the timeliness of Ms. Chips' appeal. The Supreme Court of Ohio has held that an untimely notice of appeal does not invoke this Court's jurisdiction. *See Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus. App.R. 4(A) requires a notice of appeal to be filed within thirty days of the order appealed.

{¶13} In this case, the trial court issued its initial judgment entry, which was a final order, on January 6, 2016. Although the trial court subsequently issued an "amended judgment entry" on January 22, 2016, the trial court noted that the amended entry was issued to "correct

minor typographical errors[.]" As a general rule, a correcting order does not extend the time for appeal unless the order creates additional rights or denies an existing right. *See Perfection Stove Co. v. Scherer*, 120 Ohio St. 445 (1929); *Brush v. Hassertt*, 2nd Dist. Montgomery No. 21687, 2007-Ohio-2419. As the trial court's amended entry in this matter neither created nor denied any rights, the amended judgment entry did not alter the timeframe in which Ms. Chips was required to file her notice of appeal. Because Ms. Chips filed her notice of appeal on February 19, 2016, more than 30 days after the trial court issued the January 6, 2016 judgment entry, the notice of appeal in this matter is untimely, and this Court is without jurisdiction to consider the attempted appeal. Consequently, this Court dismisses the appeal. *See Daniels-Rodgers v. Rodgers*, 10th Dist. Franklin No. 15AP-202, 2015-Ohio-1974 (dismissing appeal for lack of jurisdiction where the appellant did not timely appeal from the trial court's judgment entry and the trial court's subsequent nunc pro tunc entry did not extend the time to appeal).

III.

{¶14} Because Ms. Chips' notice of appeal was not timely filed, this Court cannot consider the merits of her assignments of error. The attempted appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MARC E. DANN, Attorney at Law, for Appellant.

RUSSELL J. KUTELL, Attorney at Law, for Appellee.