[Cite as *In re the Estate of Bond*, 2017-Ohio-9076.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE THE ESTATE OF
MILDRED BOND

C.A. No.    16AP0063

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2016 PB-V 000367

DECISION AND JOURNAL ENTRY

Dated: December 18, 2017

TEODOSIO, Judge.

{¶1}    Jonnie Bond appeals the order of the Wayne County Court of Common Pleas, Probate Division, entered on September 2, 2016, granting Amanda K. Slyder's application to administer the estate of Mildred Bond. We dismiss this attempted appeal for lack of jurisdiction.

{¶2}    This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). We only have jurisdiction to hear appeals from final judgments. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 Ohio App. LEXIS 176, *1 (Jan. 26, 2000).

{¶3}    We have previously determined that an order appointing an administrator of an estate is not a final and appealable order. *In re Estate of Thomas,* 9th Dist. Summit No. 27177, 2014-Ohio-3481, ¶ 9. *See also In re Estate of Griffa*, 9th Dist. Summit No. 25987, 2012-Ohio-

904, ¶ 9-10. Because appellant is challenging the trial court's order granting Ms. Slyder's application to administer the estate, we conclude that we are without jurisdiction to consider the appeal.

{¶4} The appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

JOHN C. OBERHOLTZER, Attorney at Law, for Appellant.

ROBERT J. REYNOLDS, Attorney at Law, for Appellee.