[Cite as *Gatlin v. Harmon*, 2021-Ohio-1852.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

MEREDITH GATLIN

    Appellant

    v.

COY HARMON

    Appellee

C.A. No.    19CA011597


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17JG52012

DECISION AND JOURNAL ENTRY

Dated: June 1, 2021

---

TEODOSIO, Presiding Judge.

{¶1} Plaintiff-Appellant, Meredith Gatlin ("Mother"), appeals from the judgment of the Lorain County Court of Common Pleas, Juvenile Division. This Court dismiss the appeal as untimely.

I.

{¶2} Mother and Defendant-Appellee, Coy Harmon ("Father"), are the parents of M.H., born in July 2010, and C.H., born in October 2014. The two never married, but they resided together for most of the children's lives. When their relationship ended in February 2017, Mother and the children moved out of the home they had shared with Father.

{¶3} Several months later, Mother brought an action against Father in Juvenile Court. She sought an allocation of parental rights and responsibilities, an order for retroactive child support, and a current child support order. Additionally, she sought to hold Father liable for her attorney fees and the costs of litigating the action. Father answered Mother's complaint and filed

a counterclaim. In his counterclaim, Father likewise sought an allocation of parental rights and responsibilities and a support order.

{¶4} The parties conferred and reached an agreement on temporary support and visitation. Pursuant to that agreement, the trial court set forth a parenting time schedule and ordered Father to pay $500 per month in child support beginning June 1, 2017. The court reserved the remaining issues, including the issue of retroactive child support, for the final hearing. Several months then elapsed, during which Father failed to make a single support payment.

{¶5} Mother filed a motion to show cause, seeking to hold Father in contempt for failing to comply with the court's order for temporary support. A magistrate heard her motion and issued a decision after the hearing. In the decision, the magistrate found Father in contempt, sentenced him to thirty days in jail, and set forth his purge conditions. The magistrate also ordered him to reimburse Mother for the attorney fees she had expended litigating her motion to show cause. Upon review, the trial court adopted the magistrate's decision and ordered Father to appear for sentencing in the event he failed to meet his purge conditions. Yet, the sentencing hearing was ultimately postponed numerous times while the underlying claims in the suit proceeded to trial.

{¶6} The trial court held a trial at which the parties reached an agreement regarding custody and companionship. On May 22, 2018, the trial court issued a judgment entry strictly on those issues, naming Mother the children's sole residential parent and legal custodian and setting forth a companionship schedule for Father. The court's judgment entry did not address the issues of retroactive or current child support, both of which had been contested at the trial. The court indicated that it would decide those issues by separate judgment entry.

{¶7} Before the trial court issued a separate entry on support, it issued several entries related to Father's contempt. In two of those entries, dated August 6, 2018, and September 21,

2018, the court indicated that it had held a sentencing hearing on Father's contempt and found that he had "failed to purge his contempt as previously ordered." The court imposed Father's previously suspended sentence of thirty days in jail and set forth the date upon which he had to report to the jail. The court indicated that his sentence would be suspended or vacated if, prior to that date, he paid child support arrears in a designated amount. Despite the court's orders and Father's continued failure to pay, the court postponed his reporting date several more times.

{¶8} On May 31, 2019, the trial court issued a judgment entry on the claims for retroactive and current child support. The court largely denied Mother's request for retroactive support, finding that the parties had shared expenses since the birth of their first child. It limited its award of retroactive support to the period of time between when Mother and the children left Father to the time when the court issued its temporary orders. Regarding current support, the court determined the amounts of child support Father owed over the course of the litigation and going forward. It also ordered the parties to share equally in any court costs and to be responsible for their own attorney fees.

{¶9} Mother did not immediately appeal from the trial court's May 31st judgment entry. Instead, nearly three months later, she filed a "motion for clarification." In her motion, she noted that the trial court's May 31st entry did not address Father's pending contempt. She argued that the court either had to amend its entry to address "one or more of the outstanding claims * * *, to wit: [Father's] contempt, [his] failure to purge his contempt, [his] failure to pay attorney fees [with respect to the contempt], and the sentencing of [Father]" or declare by separate entry that "there [was] no just cause for delay" regarding the May 31st entry.

{¶10} A status hearing on Father's contempt was set to occur the same day that Mother filed her motion for clarification, but the hearing was continued at Father's request. On November

20, 2019, following the rescheduled hearing, the court issued another order on Father's contempt. The order indicated that Father previously had been sentenced to jail and had been given additional time to purge his contempt, but still had not done so. The order set forth Father's arrearages and a new date by which he had to purge his contempt or report to jail. It also instructed Father to pay Mother's attorney fees on the contempt "as previously ordered[.]" After the court filed its November 20th entry, Mother appealed from the May 31, 2019 judgment entry on child support.

{¶11} Mother now appeals from the trial court's May 31st judgment entry and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MOTHER RETROACTIVE CHILD SUPPORT PURSUANT TO ORC §3111.15 AND THE TRIAL COURT'S DETERMINATION THAT FATHER HAS SATISFIED HIS RETROACTIVE CHILD SUPPORT OBLIGATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} In her sole assignment of error, Mother challenges various aspects of the trial court's May 31, 2019 judgment entry on child support. Because she has not timely appealed from the court's judgment, this Court lacks jurisdiction to hear the merits of her argument.

{¶13} This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). Unless one of the exceptions set forth in App.R. 4(B) applies, a party who wishes to appeal from a final order or judgment must file his or her notice of appeal within thirty days of that order or judgment. App.R. 4(A). *Accord State v. Lovett*, 9th Dist. Summit No. 26779, 2013-Ohio-3515, ¶ 6. "[A]n untimely notice of appeal does not invoke this Court's jurisdiction." *BankUnited v. Klug*, 9th Dist. Lorain No. 16CA010923, 2016-Ohio-5769, ¶ 12. Consequently, this Court has no choice but to dismiss

an untimely appeal. *Metro. Bank & Trust Co. v. Roth*, 9th Dist. Summit No. 21174, 2003-Ohio-1138, ¶ 15.

{¶14} Mother did not file her notice of appeal within thirty days of the trial court's May 31, 2019 judgment entry. In both a show cause response that she filed on appeal and her appellate brief, she has claimed that the court's May 31st entry did not become final and appealable until the court issued its November 20, 2019 entry. That is because the May 31st entry did not resolve the issue of Father's contempt. According to Mother, "[o]nce [Father was] sentenced on the contempt, all outstanding claims and issues were resolved, and the May 31, 2019 decision became a final appealable order * * *."

{¶15} "Pursuant to R.C. 2505.02(B)(2), an order is a final, appealable order when it 'affects a substantial right made in a special proceeding.'" *In re Adoption of Y.E.F.*, Slip Opinion No. 2020-Ohio-6785, ¶ 8, quoting R.C. 2505.02(B)(2). "Juvenile court proceedings under R.C. Chapter 2151 are special statutory proceedings." *In re A.P.*, 196 Ohio App.3d 500, 2011-Ohio-5998, ¶ 7 (9th Dist.). *Accord State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360 (1994) ("[P]roceedings in the juvenile division, including parentage actions, are special statutory proceedings * * *."). A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A court's order in a parentage action affects a substantial right when "'there is (1) a judgment establishing paternity and (2) an adjudication of all support issues raised.'" (Emphasis deleted.) *Post v. Caycedo*, 9th Dist. Summit No. 23123, 2006-Ohio-6750, ¶ 9, quoting *Sexton v. Conley*, 4th Dist. Scioto No. 99 CA 2655, 2000 WL 1137463, *2 (Aug. 7, 2000).

{¶16}   The trial court's May 31, 2019 judgment entry was made in a special proceeding and affected a substantial right as it disposed of all the parties' pending support issues.  *See In re A.P.* at ¶ 7; *Post* at ¶ 9.  Notably, at the time the trial court issued its May 31st entry, it had already determined Father's parentage and entered judgment on the custody issues by way of a separate judgment entry.  The May 31st entry also disposed of the additional prayers for relief contained in Mother's complaint regarding an award of costs and attorney's fees.  Father's contempt was the only issue not fully resolved at the time the court issued its May 31st entry.

{¶17}   While Mother argues that the unresolved contempt issue prevented the May 31st entry from being a final and appealable judgment, both the Ohio Supreme Court and this Court have recognized that contempt is a collateral issue.  *See State ex rel. Special Prosecutors v. Judges, Courts of Common Pleas*, 55 Ohio St.2d 94, 97 (1978); *Schmitt v. Ward*, 9th Dist. Summit No. 28219, 2017-Ohio-6975, ¶ 10; *Pietrangelo v. Avon Lake*, 9th Dist. Lorain Nos. 15CA010804, 15CA010873, 2016-Ohio-8201, ¶ 17.  Mother is not appealing from the trial court's ruling on her motion to show cause or any of its entries or orders regarding Father's contempt.  *Compare Boston Hts. v. Cerny*, 9th Dist. Summit No. 23331, 2007-Ohio-2886, ¶ 22 (finding of contempt without imposition of sanction is not a final order); *Buck v. Buck*, 103 Ohio App.3d 505, 507 (11th Dist.1995) (failure of court to expressly determine whether appellee was guilty of contempt rendered its contempt order non-final).  Her appeal only concerns the court's judgment on retroactive and current child support.  Both of those issues were fully addressed in the court's May 31, 2019 judgment entry.  Because Father's contempt was a collateral matter, it did not affect the finality of the court's judgment on child support.

{¶18}   Notably, App.R. 4(B)(5) contains an exception to the general rule that a party must file his or her notice of appeal within thirty days of the entry being appealed.  *See In re B.C.*, 9th

Dist. Summit Nos. 26976, 26977, 2014-Ohio-2748, ¶ 9. The rule recognizes that a trial court may issue partial final judgments or orders in special proceedings; that is, judgments or orders that are final in their own respect, but do not dispose of all claims for all parties or contain Civ.R. 54(B) language. *See In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 11-12. The rule provides that an appeal from a partial final judgment or order may be filed "within thirty days of entry of the judgment or order appealed *or the judgment or order that disposes of the remaining claims*." (Emphasis added.) App.R. 4(B)(5). Thus, the rule allows a party to delay filing his or her appeal from a qualifying partial final judgment or order until all the claims in the case have been resolved. *See id.*

{¶19} Although Mother has not cited App.R. 4(B)(5), the essence of her argument is that her appeal from the trial court's May 31, 2019 judgment is timely because she appealed within thirty days of the court's November 20, 2019 entry. As noted, however, the November 20th entry only dealt with the collateral issue of Father's contempt. It did not "dispose[] of the remaining claims" in the suit. App.R. 4(B)(5). Accordingly, App.R. 4(B)(5) is inapplicable.

{¶20} Mother did not file her notice of appeal within thirty days of the trial court's May 31, 2019 judgment entry on child support. Therefore, this Court lacks jurisdiction to consider her assignment of error and has no choice but to dismiss her attempted appeal as untimely. *See* App.R. 4(A); *Metro. Bank & Trust Co.*, 2003-Ohio-1138, at ¶ 15.

III.

{¶21} Because Mother's notice of appeal was not timely filed, this Court cannot consider the merits of her assignment of error. The attempted appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

_____

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JAMES V. BARILLA, Attorney at Law, for Appellant.

ANTHONY R. PECORA and DOUGLAS R. HENRY, Attorneys at Law, for Appellee.