[Cite as *Martin v. LexisNexis*, 2025-Ohio-864.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| TRAMAINE E. MARTIN | : | |
| Appellant | : | C.A. No. 30265 |
| v. | : | Trial Court Case No. 2023 CV 06243 |
| LEXISNEXIS | : | (Civil Appeal from Common Pleas Court) |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 14, 2025

. . . . . . . . . . .

TRAMAINE E. MARTIN, Appellant, Pro Se

ERIN E. RHINEHART and JASON W. PALMER, Attorneys for Appellee

. . . . . . . . . . . .

HANSEMAN, J.

{¶ 1} Appellant, Tramaine E. Martin, appeals pro se from an order of the Montgomery County Court of Common Pleas denying his Civ.R. 60(B)(5) motion for relief from judgment. For the reasons outlined below, the judgment of the trial court will be

affirmed.

## Facts and Course of Proceedings

{¶ 2} On November 21, 2023, Martin filed a pro se civil complaint in the Montgomery County Court of Common Pleas that asserted claims for defamation and telecommunications harassment against Appellee LexisNexis. Martin's claims arose from his allegation that LexisNexis had included a false statement in a case summary that it published online with regard to his criminal appeal in *State v. Martin*, 2023-Ohio-3153 (8th Dist.).

{¶ 3} The appeal in *Martin* concerned the denial of Martin's petition for post-conviction relief from convictions in the Cuyahoga County Court of Common Pleas for attempted rape, gross sexual imposition, and kidnapping. When the appeal in *Martin* was filed (from denial of the petition for postconviction relief), the Eighth District Court of Appeals had previously affirmed Martin's convictions on direct appeal. The Eighth District had also affirmed the denial of a petition for post-conviction relief that Martin filed a year after his direct appeal. The appeal in *Martin* concerned the trial court's denial of a second application for postconviction DNA testing that Martin had filed in an effort to have the victim's underwear retested for DNA. The Eighth District affirmed the trial court's denial of the application and issued a written opinion that LexisNexis published on its online legal research platform. The case summary that LexisNexis published stated, in relevant part:

> HOLDINGS:[1]-The trial court did not abuse its discretion by denying

defendant's application for postconviction DNA testing under R.C. 2953.74(A) *because the prior DNA test clearly established that biological material from the perpetrator of the crime of rape was recovered from underwear* and that the biological material was from defendant.

(Emphasis added.) Defendant's Motion to Dismiss, Ex. 2.

{¶ 4} Martin's defamation and telecommunications harassment claims were based on the italicized portion of LexisNexis's case summary. Specifically, Martin claimed that the italicized portion of the case summary falsely indicated that he was found guilty of rape as opposed to attempted rape. Martin claimed that the alleged false statement caused him to suffer verbal and physical abuse by fellow prison inmates and has resulted in emotional distress. As a result, Martin requested LexisNexis to pay him $250,000 in compensatory damages and to correct the information in the case summary.

{¶ 5} On December 20, 2023, LexisNexis filed a motion to dismiss Martin's complaint pursuant to Civ.R. 12(B)(6). In its motion, LexisNexis argued that Martin's defamation claim failed as a matter of law because its case summary was not defamatory in that it did not state that Martin had been convicted of rape. LexisNexis also argued that the appellate court's opinion immediately following the case summary accurately stated that Martin had been convicted of attempted rape. LexisNexis further argued that, even if the case summary were considered defamatory, Ohio's fair report privilege codified under R.C. 2317.05 protected it from liability for defamation.

{¶ 6} With regard to Martin's telecommunications harassment claim, LexisNexis argued that the claim failed as a matter of law because Martin made no factual allegation

indicating that the case summary was made with the purpose to abuse, threaten, or harass him. LexisNexis claimed that its case summary was instead made for legal research purposes and, therefore, did not satisfy the elements of a telecommunications harassment claim under R.C. 2917.21(B)(1).

{¶ 7} On January 8, 2024, the trial court granted LexisNexis's motion to dismiss and ordered the dismissal of Martin's complaint with prejudice. Three days later, on January 11, 2024, Martin filed an opposing memorandum wherein he argued that his complaint alleged sufficient operative facts to survive a Civ.R. 12(B)(6) dismissal. The certificate of service on Martin's opposing memorandum indicated that it had been mailed on January 8, 2024, after the 14-day response deadline per Civ.R. 6(C)(1) had elapsed. The trial court did not act on Martin's opposing memorandum after its late receipt.

{¶ 8} On January 30, 2024, Martin filed a Civ.R. 60(B)(5) motion for relief from judgment. In the motion, Martin argued that the trial court's January 8th order dismissing his complaint should be vacated because: (1) his complaint alleged sufficient operative facts to survive a Civ.R. 12(B)(6) dismissal; and (2) the trial court prematurely granted LexisNexis's motion to dismiss without considering his opposing memorandum. Although Martin admitted that the filing of his opposing memorandum had been delayed due to the mail process being slow in prison, he nevertheless claimed that his opposing memorandum had been timely because he placed it in the mail on the filing deadline.

{¶ 9} In response, LexisNexis argued that Martin had not satisfied the requirements for obtaining relief under Civ.R. 60(B). The trial court agreed with LexisNexis and found that Martin's motion for relief from judgment lacked merit.

Specifically, the trial court found that Martin had failed to demonstrate that he had a meritorious claim to present if the requested relief was granted. The trial court also found that Martin had failed to demonstrate grounds for relief under Civ.R. 60(B)(5). Accordingly, the trial court denied Martin's Civ.R. 60(B)(5) motion.

{¶ 10} Martin now appeals from the trial court's denial of his Civ.R. 60(B)(5) motion for relief from judgment, raising two assignments of error for review. Because Martin's assignments of error are interrelated, we will address them together.

**First and Second Assignments of Error**

{¶ 11} Under his first assignment of error, Martin argues that he was denied due process as a result of the trial court's prematurely granting LexisNexis's motion to dismiss. Martin claims that, under Civ.R. 6(C) and (D), he had 17 days (14 days plus a three-day grace period for mail service) from the date of LexisNexis's December 20, 2023 motion to file his opposing memorandum. Since the 17th day fell on a Saturday, Martin argues that, under Civ.R. 6(A), the deadline to file his opposing memorandum fell on Monday, January 8, 2024. According to Martin, the trial court prejudiced him by granting LexisNexis's motion to dismiss on the day of the deadline before considering his opposing memorandum. Although Martin's opposing memorandum was filed three days after the January 8th deadline, Martin nevertheless claims that his opposing memorandum was timely and should have been considered before the trial court granted LexisNexis's motion to dismiss.

{¶ 12} Under his second assignment of error, Martin claims that the trial court's

denial of his Civ.R. 60(B)(5) motion was an abuse of discretion because: (1) his motion alleged a meritorious claim, i.e., that his complaint alleged sufficient operative facts to survive a Civ.R. 12(B)(6) dismissal; and (2) he was prejudiced by the trial court's granting the dismissal of his complaint before considering his opposing memorandum.

{¶ 13} As a preliminary matter, we stress that Martin did not appeal from the dismissal of his complaint, but from the denial of his Civ.R. 60(B)(5) motion. "This court reviews a decision denying a Civ.R. 60(B) motion for an abuse of discretion." *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 8, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21 (1988) and *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 2013-Ohio-966, ¶ 34; *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 14} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time." *GMAC Mtge., L.L.C. v. Herring*, 2010-Ohio-3650, ¶ 30 (2d Dist.), citing *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met." *Id.*, citing *Pelton* at 174. (Other citations omitted.)

{¶ 15} Importantly, "[a] Civ.R. 60(B) motion may not be used as a substitute for direct appeal." *Beyoglides v. Elmore*, 2012-Ohio-3979, ¶ 17 (2d Dist.), citing *Key v.*

*Mitchell*, 81 Ohio St.3d 89, 90-91 (1998) and *Doe v. Trumbull Cty. Child. Servs. Bd.*, 28 Ohio St.3d 128, 131 (1986). "The use of Civ. R. 60(B) is generally reserved to issues that cannot be raised on appeal." (Citation omitted.) *Burgess v. Safe Auto*, 2005-Ohio-6829, ¶ 32 (2d Dist.). "Where the defect of the judgment is apparent from the record, an appeal will lie; where it is not, relief must be sought under Civ.R. 60(B), because error cannot be demonstrated from the record." (Citation omitted.) *Deutsche Bank Tr. Co. Ams. v. Ziegler*, 2015-Ohio-1586, ¶ 56 (2d Dist.). "Therefore, when a party merely repeats arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available." (Citation omitted.) *Beyoglides* at ¶ 17. Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 15, citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

{¶ 16} In *Upkins v. Brosh*, 2018-Ohio-2971 (2d Dist.), the plaintiff, Upkins, filed a pro se civil complaint alleging malicious prosecution against a Miami County prosecutor and a Miami County deputy sheriff. *Id.* at ¶ 1-2. The defendant prosecutor and deputy sheriff thereafter filed a motion to dismiss Upkins's complaint for lack of jurisdiction, which the trial court granted. *Id.* at ¶ 3-5. Thereafter, Upkins filed a Civ.R. 60(B) motion requesting relief from the judgment dismissing his complaint. *Id.* at ¶ 6. In his Civ.R. 60(B) motion, Upkins argued that he had been unable to oppose the defendants' motion to dismiss because he was not served with a copy of the motion. *Id.* Upkins also argued that the trial court had failed to provide any rational for the dismissal of his complaint, as the dismissal entry simply provided that the complaint was dismissed "for good cause shown."

*Id.* at ¶ 5-6. Upon review, the trial court found that Upkins had failed to demonstrate that he was entitled to relief under any of the grounds set forth under Civ.R. 60(B) and denied his Civ.R. 60(B) motion. *Id.* at ¶ 9-10. Upkins thereafter appealed from that decision. *Id.* at ¶ 1.

{¶ 17} On appeal, this court affirmed the trial court's denial of Upkins's Civ.R. 60(B) motion. *Id.* at ¶ 27. In doing so, we cited language from *Beyoglides* explaining that a Civ.R. 60(B) motion cannot be used as a substitute for a direct appeal. *Id.* at ¶ 26. Applying that principle, we found that "the propriety of the dismissal of Upkins's complaint should have been raised on direct appeal" as opposed to in a Civ.R. 60(B) motion. *Id.* at ¶ 27. In a concurring opinion, Judge Froelich further noted that Civ.R. 60(B) relief was not available to Upkins because the errors raised in his Civ.R. 60(B) motion were apparent from the record and could have been appealed. *Id.* at ¶ 28.

{¶ 18} The present case is analogous to *Upkins*. Like the plaintiff in *Upkins*, Martin raised arguments in his Civ.R. 60(B)(5) motion that were apparent from the record, i.e., that the trial court had prematurely ruled on LexisNexis's motion to dismiss his complaint and that his complaint contained sufficient operative facts to survive a Civ.R. 12(B)(6) dismissal. Because these alleged errors were apparent from the record, they could have been raised in a direct appeal from the dismissal of Martin's complaint rather than by way of a Civ.R. 60(B)(5) motion. Although Martin was acting pro se in this matter, it is well established that " '[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants.' " *Preston v. Shutway*, 2013-Ohio-185, ¶ 12 (2d Dist.), quoting *Yocum v. Means*, 2002-Ohio-3803,

¶ 20 (2d Dist.). Therefore, like any other party, Martin cannot use his Civ.R. 60(B)(5) motion as a substitute for a direct appeal from the dismissal of his complaint. Accordingly, the trial court correctly denied Martin's Civ.R. 60(B)(5) motion, albeit for different reasons. *See Rodefer v. Colbert*, 2015-Ohio-1982, ¶ 17 (2d Dist.) ("an appellate court must ' "affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial" ' "), quoting *Reid v. Wallaby's Inc.*, 2012-Ohio-1437, ¶ 52 (2d Dist.), quoting *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, fn. 3 (6th Dist. 1999).

{¶ 19} Martin's assignments of error are overruled.

## Conclusion

{¶ 20} Having overruled Martin's assignments of error, the judgment of the trial court denying Martin's Civ.R. 60(B)(5) motion for relief from judgment is affirmed.

. . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.