[Cite as *Souders v. U.S. Bank Natl. Assn.*, 2025-Ohio-1781.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### UNION COUNTY

CHRISTOPHER JASON SOUDERS

    PLAINTIFF-APPELLANT,               CASE NO. 14-24-27

    V.

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR CITIGROUP MORTGAGE LOAN
TRUST 2006-WFHE3, ASSET-BACKED
PASS-THROUGH CERTIFICATES,          OPINION AND
SERIES 2006-WFHE3,                 JUDGMENT ENTRY

    DEFENDANT-APPELLEE.

Appeal from Union County Common Pleas Court
Trial Court No. 24CV0036

**Judgment Affirmed**

**Date of Decision: May 19, 2025**

APPEARANCES:

    *Christopher Jason Souders*, Appellant

    *Dean E. Collins* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-Appellant Christopher J. Souders ("Souders"), *pro se*, appeals the judgment of the Union County Court of Common Pleas, arguing that the trial court erred (1) by granting the Civ.R. 12(B)(6) motion to dismiss that was filed by defendant-appellee U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3, ("U.S. Bank") and (2) by denying his Civ.R. 60(B) motion for relief from judgment. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Steven Bahr ("Bahr") executed a mortgage on a residential property in Union County, Ohio. When Bahr passed away, title to this property passed to Marla Cotton ("Cotton"). On March 12, 2020, U.S. Bank initiated a foreclosure proceeding against this property. On March 10, 2021, Cotton transferred this property to her son, Souders, via a quitclaim deed. On March 9, 2022, this property was sold at a judicial sale to U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3. *See also U.S. Bank National Association v. Cotton*, 2022-Ohio-2998, ¶ 2 (3d Dist.); *Souders v. U.S. Bank National Association*, 2023-Ohio-4709, ¶ 2 (3d Dist.).

{¶3} On February 9, 2024, Souders filed a complaint against U.S. Bank that requested the property at issue be sold at a public auction. On March 20, 2024, U.S. Bank filed a Civ.R. 12(B)(6) motion to dismiss the complaint. U.S. Bank argued that, since a foreclosure action had already been initiated against the property that Cotton transferred to Souders, he took this title subject to the outcome of that proceeding under the doctrine of lis pendens. U.S. Bank also argued that Souders lacked standing to challenge the completed foreclosure proceeding and that res judicata barred his claims.

{¶4} On April 4, 2024, the trial court issued a judgment entry that granted U.S. Bank's motion to dismiss. On April 5, 2024, Souders filed a Civ.R. 60(B) motion for relief from judgment, arguing that the trial court issued the judgment dismissing his complaint before the time allotted for him to respond to U.S. Bank's motion to dismiss had expired under Civ.R. 6(D). The trial court denied Souders's Civ.R. 60(B) motion on May 14, 2024.

{¶5} Souders filed his notice of appeal on May 22, 2024, designating the April 4, 2024 judgment entry that dismissed his complaint and the May 14, 2024 judgment entry that denied his Civ.R. 60(B) motion as the orders that he was appealing. In his brief, he raises the following two assignments of error:

**First Assignment of Error**

**The Court of Common Pleas of Union County, Ohio, committed error justifying reversal of the judgment granting Defendant's**

**Ohio Civil Rule 12(B)(6) Motion, which was entered on 04/04/2024.**

**Second Assignment of Error**

**The Court of Common Pleas of Union County, Ohio, committed error justifying reversal of the judgment because the Court ignored Ohio Civil Rule 6(D), and denied Appellant's Motion to Vacate, thereby denying Appellant the opportunity to answer Appellee's Rule 12(B)(6) Motion.**

*First Assignment of Error*

**{¶6}** Souders argues that the trial court erred in granting U.S. Bank's Civ.R. 12(B)(6) motion to dismiss.

Legal Standard

**{¶7}** Appellate courts are "obligated to raise sua sponte questions related to our jurisdiction." *In re Estate of Bond*, 2017-Ohio-9076, ¶ 2 (9th Dist.). "Jurisdiction in the court of appeals is based upon a timely filing of a notice of appeal." *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 2015-Ohio-241, ¶ 7. If no timely notice of appeal is filed from a judgment entry, an appellate court lacks jurisdiction to consider that matter. *Wells Fargo Bank, N.A. v. Fields*, 2015-Ohio-4580, ¶ 20 (8th Dist.); *Wilson v. Francis*, 2002-Ohio-2416, ¶ 2 (12th Dist.).

**{¶8}** Under App.R. 4(A), "timely" is generally "defined as 30 days from the date of the final order or from the date that the clerk completes service if service is not completed within three days of entering the judgment on the journal." *Clermont*

-4-

*Cty. Transp. Improvement Dist*. at ¶ 7.  Further, the time for filing a notice of appeal from a judgment is not tolled by a filing of a motion for relief from judgment pursuant to Civ.R. 60(B).  *Wilson v. Johnston*, 2002-Ohio-4690, ¶ 5 (3d Dist.); *Untch v. Northern Valley Contrs*., 2009-Ohio-3271, ¶ 18 (5th Dist.).

Legal Analysis

{¶9} In this case, the trial court granted U.S. Bank's motion to dismiss in a judgment entry issued on April 4, 2024.  While Souders filed a Civ.R. 60(B) motion for relief from judgment on April 5, 2024, he did not file a notice of appeal from the judgment that dismissed his complaint until May 22, 2024.  In this notice, Souders alleged that the thirty-day deadline to appeal the judgment that dismissed his complaint had not run because he did not receive "proper service" of "[t]he required documents."  (Doc. 36).

{¶10} However, the docket reflects that the judgment entry and a notice of an appealable order was properly issued to him on April 4, 2024.  The record indicates that Souders was aware that the trial court issued a judgment entry dismissing his complaint on April 4, 2024 because he filed his 60(B) motion for relief from that judgment on April 5, 2024.  Thus, the record indicates that Souders did not file a timely notice of appeal within thirty days of the judgment that dismissed his complaint.

{¶11} In the absence of a timely notice of appeal from the judgment entry that granted U.S. Bank's Civ.R. 12(B)(6) motion to dismiss, this Court does not

have jurisdiction to address an appeal from that order. Because Souders failed to invoke the jurisdiction of this Court by complying with the requirements of App.R. 4(A), the arguments he raises in this assignment of error seek review of an order that is not properly before us. *See Sanctuary Condominium Association, Inc. v. Castro*, 2018-Ohio-3561, ¶ 12 (8th Dist.); *Gatlin v. Harmon*, 2021-Ohio-1852, ¶ 13 (9th Dist.). Accordingly, the first assignment of error is denied for lack of jurisdiction.

*Second Assignment of Error*

{**¶12**} Souders reasserts an argument raised in his Civ.R. 60(B) motion, contending that the trial court erred in deciding U.S. Bank's motion to dismiss before the time allotted for him to respond under Civ.R. 6(D) had expired.

Legal Standard

{**¶13**} "[T]he use of Civ. R. 60(B) is generally reserved to issues that cannot be raised on appeal." *Cotton*, 2022-Ohio-2998, ¶ 8, quoting *Burgess v. Safe Auto*, 2005-Ohio-6829, ¶ 32 (2d Dist.). Importantly, a Civ.R. 60(B) motion "is not available as a substitute for a timely appeal" and cannot be used "to circumvent or extend the time requirements for filing an appeal." *Huntington National Bank v. Daly*, 2025-Ohio-402, ¶ 21 (6th Dist.), quoting *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982).

{**¶14**} In other words, a party who failed to file a timely direct appeal cannot assert the arguments that were available for a direct appeal in a Civ.R. 60(B) motion

and then obtain review of these arguments by appealing the denial of the Civ.R. 60(B) motion. *A.D. Transport Express, Inc. v. Lloyds Towing Service & Sales*, LLC, 2020-Ohio-5630, ¶ 53 (5th Dist.). Thus, where the moving party "'merely reiterates arguments that concern the merits of the case and that could have been raised on appeal,' relief under Civ.R. 60(B) is not available." *Richart v. Greenlee*, 2024-Ohio-4509, ¶ 27 (2d Dist.), quoting *Blount v. Smith*, 2012-Ohio-595, ¶ 9 (8th Dist.).

## Standard of Review

**{¶15}** The decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is entrusted to the sound discretion of the trial court. *Lemon*, 2018-Ohio-634, ¶ 7. For this reason, a determination on the Civ.R. 60(B) motion will not be reversed absent an abuse of discretion. *Id.* "A mere error in judgment does not constitute an abuse of discretion." *New Technology Products Pty Ltd. v. Scotts Miracle-Gro Co.*, 2022-Ohio-3780, ¶ 14 (3d Dist.). Rather, an abuse of discretion is present where a decision is arbitrary, capricious, or unreasonable. *Davidson v. Hatcher*, 2022-Ohio-4452, ¶ 22 (3d Dist.).

## Legal Analysis

**{¶16}** In his Civ.R. 60(B) motion, Souders asserted that he had seventeen days under Civ.R. 6 to respond to U.S. Bank's motion to dismiss and argued that the trial court erred by issuing a decision on this motion before this allotted

timeframe had expired.[1]  On appeal, Souders raises this exact same argument to establish that the trial court erred in denying his Civ.R. 60(B) motion.

**{¶17}** The Second District Court of Appeals recently considered a similar situation in *Martin v. LexisNexis*, 2025-Ohio-864, ¶ 11 (2d Dist.).  In that case, a pro se plaintiff filed a Civ.R. 60(B) motion that argued the trial court erred by granting the defendant's motion to dismiss before the time allotted for a response under Civ.R. 6 had expired.  *Id*.  After the trial court denied his Civ.R. 60(B) motion, the plaintiff filed an appeal and argued that he was denied his right to due process when the trial court allegedly ruled on the motion to dismiss prematurely.  *Id*.

**{¶18}** On appeal, the Second District noted that the plaintiff's argument, "i.e., that the trial court had prematurely ruled on . . . [defendant's] motion to dismiss" was "apparent from the record . . . ."  *Martin* at ¶ 18.  For this reason, this argument "could have been raised in a direct appeal from the dismissal of [plaintiff's] . . . complaint" rather than in a Civ.R. 60(B) motion.  *Id*.  The Second District then concluded that the plaintiff was not permitted to use a Civ.R. 60(B) motion "as a substitute for a direct appeal from the dismissal of his complaint" and affirmed the trial court's decision to deny his motion for relief from judgment.  *Id*. We find the reasoning in *Martin* to be persuasive.

---

[1] The trial court issued the judgment entry that denied his Civ.R. 60(B) motion on May 14, 2024, and Souders filed a timely notice of appeal from that judgment entry on May 22, 2024.

**{¶19}** Turning to the facts of the case presently before us, Souders did not file a timely appeal from the judgment that dismissed his complaint. As in *Martin*, he chose to use a Civ.R. 60(B) motion to argue that the trial court issued a premature ruling on U.S. Bank's motion to dismiss. *Martin*, 2025-Ohio-864, ¶ 11, 18. This argument was "apparent from the record" and "could have been raised in a direct appeal" from the judgment that dismissed his complaint. *Id.* at ¶ 18. Souders is not permitted to "use a Civ.R. 60(B) motion to raise issues that should have been raised in a direct appeal of the challenged judgment." *Village at Galloway Run Condominium Association v. Taylor*, 2024-Ohio-2344, ¶ 18 (10th Dist.). Thus, we conclude that the trial court's decision to deny his Civ.R. 60(B) motion did not constitute an abuse of discretion. Accordingly, the second assignment of error is overruled.

### *Conclusion*

**{¶20}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the first assignment of error is denied for lack of jurisdiction, and the second assignment of error is overruled. Accordingly, the judgment of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

John R. Willamowski, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/hls